UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RALPH VANACORE

                                                  Plaintiff,

                      -against-

JOHN MATTINGLY, Individually, and as
Commissioner of the New York City Administration for
Children's Services, WILLIAM BELL, Individually, and
as Commissioner of the New York City Administration
for Children's Services, NICHOLAS SCOPETTA,
Individually, and as Commissioner of the New York City
Administration for Children's Services and THE CITY
OF NEW YORK,

                                                  Defendants.

------------------------------------------------------------------- x

**ANSWER**

07-CV-3579 (LTS)

        Defendants, John Mattingly, William Bell, Nicholas Scoppetta,[1] and the City of New York, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that venue is proper in the Southern District of New York.

---

[1] Defendant Nicholas Scoppetta's name is incorrectly spelled "Scopetta" in the caption of this action, the correct spelling is "Scoppetta."

- 2 -

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff has been employed by the City of New York as a Caseworker since on or about January 3, 1989.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that John Mattingly is the Commissioner of the New York City Administration for Children's Services ("ACS") and respectfully refer the Court to New York City Charter § 627 for a true and accurate statement of the statutory responsibilities of ACS.

8. Deny the allegations set forth in paragraph "8" of the complaint and respectfully refer the Court to New York City Charter § 617 for the powers and duties of the Commissioner of ACS.

9. Deny the allegations set forth in paragraph "9" of the complaint and respectfully refer the Court to New York City Charter § 617 for the powers and duties of the Commissioner of ACS.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that William Bell was the Commissioner of ACS from in or about December 2001 until in or about July 2004.

11. Deny the allegations set forth in paragraph "11" of the complaint and respectfully refer the Court to New York City Charter § 617 for the powers and duties of the Commissioner of ACS .

12. Deny the allegations set forth in paragraph "12" of the complaint and respectfully refer the Court to New York City Charter § 617 for the powers and duties of the Commissioner of ACS.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that Nicholas Scoppetta was the Commissioner of ACE from in or about 1996 until in or about December 2001.

14. Deny the allegations set forth in paragraph "14" of the complaint and respectfully refer the Court to New York City Charter § 617 for the powers and duties of the Commissioner of ACS.

15. Deny the allegations set forth in paragraph "15" of the complaint and respectfully refer the Court to New York City Charter § 617 for the powers and duties of the Commissioner of ACS.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that ACS was formed as an agency of the City of New York in or about January 1996.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was first employed by the City of New York on or about January 3, 1989 as a provisional Caseworker at the Human Resources Administration ("HRA"), that plaintiff became a permanent Caseworker assigned to HRA on or about December 16, 1993 and that plaintiff was transferred to ACS as a Caseworker effective June 23, 1996.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that in 1998, the New York City Division of Citywide Administrative Services created several new civil service titles for the children's services Caseworkers (hereinafter "Title Series"), including child welfare specialist ("CWS"), CWS supervisor, child protective specialist ("CPS") and CPS supervisor.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that CPS staff is responsible for, *inter alia*, investigating reports of child abuse and neglect and that CWS staff is responsible for, *inter alia*, developing and implementing family service plans.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations contained in paragraph "25" of the complaint, except admit that plaintiff was notified that he was not appointed into one of ACS' Title Series' positions, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning on what date plaintiff received a notice from ACS and the contents of that notice.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was suspended in April 1999 and that six days of said suspension were without pay, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date that plaintiff received a notice concerning his suspension in April 1999.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff was served with Charges and Specifications dated May 18, 1999 and that the charges specified, *inter alia*, that plaintiff harassed, threatened and intimidated the Bronx Field Office Director, and respectfully refer the Court to a copy of the May 18, 1999 Charges and Specifications for a complete and accurate statement of their contents.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that an ACS Hearing Officer after considering all of the evidence presented before him at an informal "Step I" conference hearing, found that the Charges and Specifications had been substantiated and recommended a seven day suspension without pay as the penalty, and respectfully refer the Court to the Informal Conference Decision and Recommended Penalty, dated August 25, 1999, for a complete and accurate statement of its content.

30. Admit the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that the Step II hearing officer reviewed the penalty set forth by the Step I hearing officer and determined that the penalty shall be modified to a four day suspension without pay and respectfully refer the Court to the Determination of Grievance Step II, dated November 8, 1999, for a complete and accurate statement of the decision of the Step II hearing officer.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that from April 1999 through December 1999, plaintiff was suspended with pay, except for the four day suspension without pay he received as a penalty from the Step II hearing officer.

- 6 -

33. Deny the allegations set forth in paragraph "33" of the complaint, except admit that a Step III hearing was held on October 17, 2000 and that the Step III hearing officer upheld the four day suspension recommended by the Step II hearing officer.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff was served with Charges and Specifications, dated February 26, 2001, specifying that from on or about December 1999 to on or about February 2001, plaintiff failed to perform all duties which are imposed by law or his Tasks and Standards, by *inter alia*, interviewing on the average of three clients per day instead of the required seven to fifteen clients, threatening clients, falling asleep on duty, refusing to follow instructions from his supervisors, storing old newspapers at work, using inappropriate language with supervisors and a co-worker, publicizing false statements about supervisors and co-workers and yelling and screaming in the workplace, and respectfully refer the Court to a copy of the February 26, 2001 charges for a complete and accurate statement of their contents.

35. Deny the allegations set forth in paragraph "35" of the complaint, except admit that on April 12, 2001, an informal "Step I" conference hearing was held with respect to the February 26, 2001 charges.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit that the Hearing Officer at the Step I conference found all of the Charges and Specifications to be substantiated and recommended that the penalty of termination be imposed.

37. Deny the allegations set forth in paragraph "37" of the complain, except admit that by letter dated May 11, 2001, plaintiff refused to accept the decision and penalty of termination, waived his right to a Section 75 hearing and instead chose to proceed with the grievance procedure set forth in the collective bargaining agreement.

38. Deny the allegations set forth in paragraph "38" of the complaint, except admit that ACS granted plaintiff two adjournments of the Step II conference before denying his request for a third adjournment and that the Step II Hearing Officer upheld the penalty of termination on October 4, 2001.

39. Deny the allegations set forth in paragraph "39" of the complaint, except admit that by later dated October 26, 2001, then ACS Commissioner Nicholas Scoppetta upheld the penalty of termination recommended by the Step II hearing officer, and that effective October 26, 2001, plaintiff's employment was terminated.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint..

41. Deny the allegations set forth in paragraph "41" of the complaint, except admit that the determination to terminate plaintiff by the Step II hearing officer was affirmed.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit that Social Service Employees Union, Local 371, filed a request for arbitration concerning the February 26, 2001 Charges and Specifications.

43. Deny the allegations set forth in paragraph "43" of the complaint, except admit that Social Service Employees Union, Local 371, filed a request for arbitration concerning the May 18, 1999 Charges and Specifications.

44. Admit the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint, except admit the second day of the arbitration regarding the February 26, 2001 Charges and Specifications was adjourned until June 16, 2004.

46. Deny the allegations set forth in paragraph "46" of the complaint, except admit that on June 7, 2004, the parties to the arbitration stipulated that plaintiff would be reinstated to ACS' payroll pending the outcome of the arbitration.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Admit the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint, and respectfully refer the Court to the Opinion and Award of Arbitrator Mark M. Grossman, dated July 20, 2004, for a complete and accurate statement of his findings concerning the February 26, 2001 Charges and Specifications.

50. Deny the allegations set forth in paragraph "50" of the complaint, except admit that Arbitrator Grossman modified the penalty of termination to a three-month suspension without pay, and respectfully refer the Court to the Opinion and Award of Arbitrator Mark M. Grossman, dated July 20, 2004, for a complete and accurate statement of his findings and the penalty imposed.

51. Deny the allegations set forth in paragraph "51" of the complaint, except admit that plaintiff was served with Charges and Specifications dated August 13, 2004, and respectfully refer the Court to a copy of those Charges and Specifications for a complete and accurate statement of their content.

52. Deny the allegations set forth in paragraph "52" of the complaint, except admit that plaintiff was suspended without pay for 30 days on September 7, 2004.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that an Informal "Step I" conference was held with respect to the August 13, 2004 Charges and Specifications on September 20, 2004 and that after considering all the evidence presented

before her, the Step I hearing officer found the Charges and Specifications to be substantiated and recommended the penalty of termination.

54. Deny the allegations set forth in paragraph "54" of the complaint, except admit that on September 28, 2004, a Step II conference was held with respect to the August 13, 2004 Charges and Specifications and that the Step II hearing officer determined that the recommended penalty of termination was warranted.

55. Deny the allegations set forth in paragraph "55" of the complaint, except admit that by letter dated October 6, 2004, plaintiff was informed that then ACS Commissioner John Mattingly accepted the Step II conference determination and terminated plaintiff's employment, effective immediately.

56. Deny the allegations set forth in paragraph "56" of the complaint, except admit that plaintiff was served with Charges and Specifications dated September 15, 2004, and respectfully refer the Court to a copy of said Charges and Specifications for a complete and accurate statement of its contents.

57. Deny the allegations set forth in paragraph "57" of the complaint, except admit that on October 6, 2004, a Step I conference was held with respect to the September 15, 2004 Charges and Specifications and that the Step I hearing officer, upon consideration of all the evidence before her substantiated the Charges and Specifications and recommended plaintiff's termination as a penalty.

58. Deny the allegations set forth in paragraph "58" of the complaint, except admit that a Step II conference was held on January 18, 2005 with respect to the September 15, 2004 Charges and Specifications, that the Step II hearing officer found the penalty of termination appropriate, and that by letter dated April 27, 2005, ACS Commissioner John Mattingly accepted

the penalty of termination recommended by the Step II hearing officer, and respectfully refer the Court to a copy of the Step II determination dated February 24, 2005, for a complete and accurate statement of its content.

59. Deny the allegations set forth in paragraph "59" of the complaint, except admit that on September 22, 2004, the Social Services Employees Union, Local 371, on behalf of Ralph Vanacore, filed an Article 75 proceeding in New York State Supreme Court, County of New York, under Index No. 113534/04, against respondents the City of New York and the New York City Administration of Children's Services, seeking to confirm the confirm the arbitration award issued by arbitrator Mark M. Grossman, dated July 20, 2004.

60. Deny the allegations set forth in paragraph "60" of the complaint, and respectfully refer the Court to the Order of the Supreme Court for a complete and accurate statement of its content.

61. Deny the allegations set forth in paragraph "61" of the complaint, except admit that Social Service Employees Union Local 371, District Council 37, AFSCME, filed a request for arbitration challenging the August 13, 2004 Charges and Specifications which resulted in plaintiff's termination effective October 6, 2004, and that the request for arbitration of the August 13, 2004 Charges and Specifications was consolidated with the Union's request to arbitrate the May 18, 1999 Charges and Specifications which resulted in a four day suspension, and the September 15, 2004 Charges and Specifications which resulted in plaintiff's termination effective April 27, 2005, and respectfully refer the Court to the Opinion and Award of Arbitrator Jane Morgenstern, dated August 24, 2005.

62. Deny the allegations set forth in paragraph "62" of the complaint, except admit that hearings were held on May 13, and May 31, 2005, with respect to the arbitration of

the August 13, 2004 and May 18, 1999 Charges and Specifications, before Jane Morgenstern, Arbitrator at the Office of Collective Bargaining, and respectfully refer the Court to the Opinion and Award of Arbitrator Jane Morgenstern, dated August 24, 2005.

63. Deny the allegations set forth in paragraph "63" of the complaint, except admit that with respect to the May 18, 1999 Charges and Specifications, Arbitrator Morgenstern modified the penalty of a four-day suspension to a written reprimand, and respectfully refer the Court to the Opinion and Award of Arbitrator Jane Morgenstern, dated August 24, 2005.

64. Deny the allegations set forth in paragraph "64" of the complaint, except admit that with respect to the August 13, 2004 Charges and Specifications, which resulted in plaintiff's termination effective October 6, 2004, Arbitrator Morgenstern modified the penalty of termination to a five-day disciplinary suspension without pay and benefits, and respectfully refer the Court to the Opinion and Award of Arbitrator Jane Morgenstern, dated August 24, 2005.

65. Deny the allegations set forth in paragraph "65" of the complaint, except admit that with respect to the September 15, 2004 Charges and Specifications, which resulted in plaintiff's termination effective April 27, 2005, Arbitrator Morgenstern modified the penalty of termination to a penalty that embodied the same five-day disciplinary suspension without pay and benefits that the Arbitrator issued with respect to the August 13, 2004 Charges and Specifications, and respectfully refer the Court to the Opinion and Award of Arbitrator Jane Morgenstern, dated August 24, 2005.

66. Deny the allegations set forth in paragraph "66" of the complaint, except admit that on or about January 6, 2005, the Social Service Employees Union, Local 371 filed a verified improper practice petition on behalf of Ralph Vanacore against the City of New York

and the New York City Administration for Children's Services, and respectfully refer the Court to a copy of the improper practice petition for a complete and accurate statement of its content.

67. Deny the allegations set forth in paragraph "67" of the complaint, and respectfully refer the Court to the Decision and Order of the New York City Board of Collective Bargaining, Decision No. B-35-2006 (IP) (Docket No. BCB-2449-05), for a complete and accurate statement of its content.

68. Deny the allegations set forth in paragraph "68" of the complaint, and respectfully refer the Court to the Decision and Order of the New York City Board of Collective Bargaining, Decision No. B-35-2006 (IP) (Docket No. BCB-2449-05), for a complete and accurate statement of its content.

69. Deny the allegations set forth in paragraph "69" of the complaint, except admit that pursuant to the award of arbitrator Morgenstern, plaintiff was reinstated to work as a Caseworker with ACS on September 19, 2005, with full back pay and benefits retroactive to 9/15/04.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" though "71" above, inclusive of their answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.[2]

83. In response to the allegations set forth in paragraph "83" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" though "82" above, as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" though "90" above, as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

---

[2] To the extent the "Wherefore" clauses and subsections to said clauses following paragraphs "82," "90," "95," "102" may state allegations of fact, defendants deny all of the "Wherefore" clauses and subsections to the "Wherefore" clauses.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. In response to the allegations set forth in paragraph "96" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" though "95" above, as if fully set forth herein.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. In response to the allegations set forth in paragraph "103" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" though "102" above, as if fully set forth herein

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. Deny the allegations set forth in paragraph "110" of the complaint, and all subsections thereto, including subsections "A" through "F."

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

## FOR A FIRST DEFENSE:

112. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

113. Plaintiff's conspiracy claims are barred by the doctrine of intracorporate or intra-agency conspiracy.

## FOR A THIRD DEFENSE:

114. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States.

## FOR A FOURTH DEFENSE:

115. Any injuries alleged in the complaint were caused in whole or in part by plaintiff's culpable or negligent conduct.

## FOR A FIFTH DEFENSE:

116. This action may be barred, in whole or in part, by the applicable statute of limitations.

## FOR A SIXTH DEFENSE:

117. This action may be barred in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## FOR A SEVENTH DEFENSE:

118. Defendants Scoppetta, Bell and Mattingly are protected from suit, in whole or in part by the doctrines of absolute immunity, qualified immunity, or common law immunity, or any combinations of these doctrines.

- 16 -

### FOR AN EIGHTH DEFENSE:

119. Plaintiff's claim for front and/or back pay are barred by his failure to mitigate damages.

### FOR A NINTH DEFENSE:

120. The Defendants have not adopted any policy, practice or custom violative of Plaintiffs' rights.

### FOR A TENTH DEFENSE:

121. Defendants Scoppetta, Bell and Mattingly are protected from suit, in whole or in part by the doctrines of absolute immunity, qualified immunity, or common law

immunity, or any combinations of these doctrines.

## FOR AN ELEVENTH DEFENSE:

122.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully and in good faith, and without malice.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            June 28, 2007

>                              MICHAEL A. CARDOZO
>                              Corporation Counsel of the
>                                City of New York
>                              Attorney for Defendants
>                              100 Church Street, Room 2-115
>                              New York, New York 10007
>                              (212) 788-0903
>
>                              By: _____/s/ Lisa M. Griffith_____
>                                   Lisa M. Griffith (LG0821)
>                                   Assistant Corporation Counsel

## DECLARATION OF SERVICE

I, Lisa M. Griffith, hereby declare that on **June 28, 2007**, I caused a true and correct copy of the foregoing ANSWER TO AMENDED COMPLAINT, to be served by ECF and by U.S. mail, upon counsel for plaintiffs, at:

> Scott B. Schwartz
> Attorney for Plaintiffs
> 40 Exchange Place, Suite 2010
> New York, New York 10005

that being the address that plaintiffs designated for such purpose.

By: _____
Lisa M. Griffith (LG0821)